[Cite as *State v. Ford*, 2013-Ohio-1768.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

RODNEY W. FORD

    Appellant

C.A. No.     26457

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 11 03 0615 (B)

DECISION AND JOURNAL ENTRY

Dated: May 1, 2013

HENSAL, Judge.

{¶1}   Rodney Ford appeals his sentence for theft from the disabled in the Summit County Court of Common Pleas. For the following reasons, this Court vacates his sentence and remands for a new sentencing hearing.

I.

{¶2}   While Carl Bauman was in the hospital, Rodney Ford and Ruth Helderlein entered his house and stole his coin and stamp collection. Mr. Ford and Ms. Helderlein knew about the collection because Ms. Helderlein cleaned Mr. Bauman's house. Mr. Ford subsequently sold some of the items to David and Virginia Pool at Lincolnway Stamps. When Mr. Bauman got home from the hospital and noticed that his collection was missing, he informed regional dealers. Upon learning about the theft, the Pools realized that they had purchased some of the missing items and decided to return them to Mr. Bauman. They identified Mr. Ford as the person who had sold them the items.

{¶3} The Grand Jury indicted Mr. Ford and Ms. Helderlein for theft from the disabled. Pursuant to an agreement with prosecutors, Mr. Ford agreed to plead guilty to stealing between $5,000 and $25,000 from Mr. Bauman, which made the offense a felony of the third degree. According to the prosecutor who represented the State at Mr. Ford's plea hearing, the amount of the checks that the Pools paid to Mr. Ford "are the sum and substance of the restitution Mr. Ford is responsible for[.]" Although the prosecutor could not remember the exact amount, she opined that the "approximate amount is $10,000." The court, therefore, ordered, as part of the presentence investigation report, "a specific indication of what the restitution amount is." In the report, the probation officer indicated that the Pools "issued twelve (12) checks, payable to Rodney Ford, in the total amount of Twelve Thousand Four Hundred Twenty-five Dollars ($12,425.00)."

{¶4} At sentencing, the court found that, although Mr. Ford sold approximately $12,000 of Mr. Bauman's collection to the Pools, there was an additional $64,000 in coins and stamps missing. Accordingly, as part of his sentence, the Court ordered Mr. Ford to pay $64,000 in restitution to Mr. Bauman and $12,425 to Lincolnway Stamps.

{¶5} Mr. Ford appealed his sentence, arguing that the trial court exceeded the statutory limits for a third-degree felony when it ordered him to pay more than $25,000 in restitution. He also argued that the court incorrectly disregarded the terms of his plea agreement. The State conceded that the court was not permitted to order Mr. Ford to pay more than the statutory limit for the level of his offense. This Court agreed, concluding that "[t]he [trial] court committed plain error by ordering Ford to pay $76,42[5] in restitution." *State v. Ford*, 9th Dist. No. 26073, 2012-Ohio-1327, ¶ 10. Regarding Mr. Ford's plea-agreement argument, this Court explained that, "[b]ecause we have already determined that the court plainly erred in its restitution order,

we need not address Ford's additional argument that the parties here had a plea agreement that the trial court disregarded." *Id*. at ¶ 12. We "vacated" Mr. Ford's sentence and "remanded for further proceedings consistent with the foregoing opinion." *Id*. at ¶ 13.

{¶6} A couple of weeks after this Court issued its opinion, the trial court, without a hearing, entered a new sentencing entry "correct[ing]" its previous journal entry. The court found that, at the plea hearing, "no specific amount of restitution was discussed." It also noted that Mr. Ford had not objected at the sentencing hearing after the court ordered him to pay $76,425 in restitution. It concluded that, since it was limited to ordering not more than $24,999.99 in restitution, it would order $24,999.99 to be paid proportionally to Mr. Bauman and Lincolnway Stamps based on the total amount stolen. Specifically, it ordered Mr. Ford to pay $20,935.82 to Mr. Bauman and $4,064.17 to Lincolnway Stamps. Mr. Ford has again appealed the restitution part of his sentence.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN ORDERING DEFENDANT-APPELLANT FORD'S RESTITUTION.

{¶7} Mr. Ford argues that the trial court incorrectly ordered him to pay $20,935.82 to Mr. Bauman and $4,064.17 to Lincolnway Stamp in restitution. He argues that, under his plea agreement, he only had to pay restitution for the checks that he received from Lincolnway Stamps. He notes that, at the plea hearing, the prosecutor declared that "[w]e have an agreement that" the "[Lincolnway] checks are the sum and substance of the restitution Mr. Ford is responsible for * * *." The prosecutor also noted that, because the Pools had returned Mr. Bauman's items to him, it was the Pools, not Mr. Bauman who were owed restitution because "they paid Mr. Ford * * * and received absolutely nothing in return." Accordingly, the

prosecutor indicated that "the restitution will be made to Dave and Ginnie Pool." The trial court replied "[a]ll right," and subsequently accepted Mr. Ford's plea to theft from the disabled.

{¶8} "[I]t is well settled that the terms of a plea agreement do not bind the discretion of a trial court." *State v. Vonnjordsson*, 9th Dist. No. 20368, 2001 WL 753273, *1 (July 5, 2001). If, however, "a sentence recommendation is an integral part of a plea agreement, the failure to inform the defendant of potential changes may result in a plea that was not entered knowingly, voluntarily, or intelligently." *State v. Allgood*, 9th Dist. Nos. 90CA004903, 90CA004904, 90CA004905, 90CA004907, 1991 WL 116269, *3 (June 19, 1991). Thus, if a court decides to change its position on a plea agreement, it should clearly advise the defendant of its intentions and allow him to reconsider his plea. *Id*.

{¶9} In this case, every indication by the prosecutor and trial court at the plea hearing suggested that the amount of restitution that Mr. Ford would have to pay was the amount that he had received from Lincolnway Stamps when he sold part of Mr. Bauman's coin and stamp collection to it. The prosecutor could not remember the exact figure, but indicated that it was approximately $10,000. The court accepted Mr. Ford's plea, and indicated that, in the presentence report, it "would like a specific indication of what the restitution amount is." In the presentence report, the probation officer explained that the amount of the checks that Lincolnway Stamps paid to Mr. Ford was $12,425, consistent with the estimate that the prosecutor gave at the plea hearing.

{¶10} At the sentencing hearing, the trial court did not give Mr. Ford any indication that it intended to deviate from the plea agreement, let alone an opportunity to withdraw his plea before ordering him to provide restitution, not only to the Pools, but Mr. Bauman as well. We, therefore, conclude that Mr. Ford's sentence must be vacated, and the case remanded to the trial

court for either specific performance of the plea agreement, for the court to provide Mr. Ford with the opportunity to withdraw his plea, or for the court to provide an opportunity for the State and Mr. Ford to renegotiate the plea bargain. *Allgood* at *3-4.

{¶11} Even if we determined that the trial court did not agree to follow the restitution agreement when it accepted Mr. Ford's guilty plea, we would still conclude that Mr. Ford's sentence must be vacated. The trial court found that, in addition to the checks that Mr. Ford received from Lincolnway Stamps, the value of the items that Mr. Bauman had not recovered was $64,000, which it reduced to $20,935.82 in its restitution order because of the statutory limit. There is no evidence in the record, however, to support the trial court's finding that the value of Mr. Bauman's unrecovered items was $64,000. According to the probation officer who prepared Mr. Ford's presentence investigation report, Mr. Bauman submitted a "14-page notarized list which is attached in its entirety" that chronicled all of his missing items. Presumably, the $64,000 calculation is on that list. Contrary to the probation officer's assertion, however, Mr. Bauman's notarized list is not "attached in its entirety" to the presentence investigation report. Indeed, no part of the list is attached to the report. At no place in the presentence investigation report did the probation officer identify the value of the items that Mr. Bauman had not been able to recover. The only restitution value that the presentence investigation report identified was the $12,425 in checks that Lincolnway Stamps paid to Mr. Ford. A value for the unreturned items also appears nowhere else in the record of Mr. Ford's case. While it is possible that the figure appears in the record for Mr. Ford's co-defendant Ms. Helderlein, who was sentenced a few hours before Mr. Ford, the court was not permitted to take judicial notice of any facts that were presented at her hearing. *In re J.C.*, 186 Ohio App.3d 243, 2010-Ohio-637, ¶ 14-15 (9th Dist.). As this Court explained in *In re J.C.*, "an appellate court cannot review the propriety of the trial

court's reliance on such [other] proceedings when that record is not before the appellate court." *Id.* at ¶ 15. Accordingly, just as "[m]atters outside the record cannot be used to demonstrate error, nor can they be considered in defense of the judgment." *Id.*

**{¶12}** The trial court failed to inform Mr. Ford that it was going to deviate from his plea agreement regarding the amount of restitution he owed. In addition, its restitution calculation is not supported by the record. We, therefore, conclude that Mr. Ford's sentence must be vacated and this matter remanded to the trial court for a new sentencing hearing. Mr. Ford's assignment of error is sustained.

### III.

**{¶13}** The judgment of the Summit County Court of Common Pleas is vacated, and this matter is remanded for a new sentencing hearing consistent with this opinion.

Judgment vacated,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶14} After our previous remand, Ford was resentenced without a hearing. This alone necessitates the judgment being vacated and remanded.

APPEARANCES:

KRISTEN KOWALSKI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.