[Cite as *State v. Bortner*, 2014-Ohio-4121.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    13CA010494 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID BORTNER | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.    11CR082901 |

DECISION AND JOURNAL ENTRY

Dated: September 22, 2014

---

BELFANCE, Presiding Judge.

{¶1}  Defendant-Appellant David Bortner appeals from the judgment of the Lorain County Court of Common Pleas.  For the reasons set forth below, we reverse and remand the matter for proceedings consistent with this opinion.

I.

{¶2}  In June 2011, Mr. Bortner was indicted for one count of failure to comply with an order or signal of a police officer, two counts of operating a vehicle under the influence of alcohol and/or drugs along with accompanying specifications stating that Mr. Bortner had five or more similar previous convictions in the past 20 years, one count of obstructing official business, and one count of driving under suspension.

{¶3}  Ultimately, Mr. Bortner agreed to plead guilty to the indictment. While the written plea agreement does not indicate there was any agreed upon sentence, the actual plea hearing reflects otherwise.  At the plea colloquy, the trial court stated that, "today it's been

represented to you that you're going to receive a prison sentence of one year, 120 days; you're going to be fined in the sum of $1,350; and your driver's license could be suspended anywhere from three years to your lifetime." The trial court then asked if any additional promises were made to Mr. Bortner, to which Mr. Bortner replied, "No, sir." The trial court then referred the matter to the probation department for a PSI, and explained to Mr. Bortner that it could not impose community control without having a completed PSI at the time of sentencing.

{¶4} The trial court set a sentencing hearing for February 1, 2013, but Mr. Bortner failed to appear. A capias was issued and Mr. Bortner was subsequently arrested. On May 10, 2013, a sentencing hearing was held. Mr. Bortner's defense counsel was not present and the trial court authorized stand-in counsel. Additionally, the State was not represented by the same assistant prosecutor as at the plea hearing. Neither attorney appeared to have any knowledge of the substance of the plea hearing and agreement and the substance of that agreement was not presented to the trial court. The trial court sentenced Mr. Bortner to a total of 11.5 years in prison.

{¶5} On August 16, 2013, Mr. Bortner filed a pro se motion to withdraw his guilty plea. He attached an affidavit to that motion averring that, as part of his plea agreement, he agreed to serve a two-year prison sentence along with three years of probation but instead was sentenced to 11.5 years. He further averred that neither attorney present at the sentencing hearing participated in the plea negotiations, and, thus, neither attorney was able to discuss the substance of the plea agreement at the sentencing hearing. Mr. Bortner further attested that had he known he would be subject to an 11.5 year prison term, he would not have pleaded guilty and would instead have gone to trial. Additionally, Mr. Bortner attached a copy of the sentencing transcript to his motion.

{¶6} The trial court denied his motion without a hearing on August 23, 2013. Mr. Bortner filed a pro se motion for a delayed appeal from the entry denying his motion to withdraw his plea, which this Court granted. The trial court appointed Mr. Bortner appellate counsel. Mr. Bortner has raised two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE ONE, SECTION 10 OF THE OHIO STATE CONSTITUTION.

{¶7} Mr. Bortner contends in his first assignment of error that he was denied effective assistance of counsel at sentencing. However, because Mr. Bortner only filed a notice of appeal from the trial court's August 23, 2013 entry denying Mr. Bortner's motion to withdraw his guilty plea, issues related to Mr. Bortner's sentencing hearing are not properly before this Court.

{¶8} "A notice of appeal shall designate the judgment, order or part thereof appealed from. An appellate court is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal." (Internal quotations and citations omitted.) *State v. Pope,* 9th Dist. Medina No. 13CA0031-M, 2014-Ohio-2864, ¶ 18.

{¶9} Mr. Bortner only designated the trial court's August 23, 2013 entry in his notice of appeal and his motion for delayed appeal. Further, this Court in its entry authorizing a delayed appeal only referenced that same entry. *See id.; see also* App.R. 3(D). Additionally, Mr. Bortner did not file a motion seeking to amend his notice of appeal. *See* App.R. 3(F); *Pope* at ¶ 21.

{¶10} As Mr. Bortner's first assignment of error concerns orders from which he did not appeal, we are without jurisdiction to address it.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING MR. BORTNER'S MOTION TO
WITHDRAW HIS GUILTY PLEA.

{¶11}  Mr. Bortner asserts in his second assignment of error that the trial court erred in denying his motion to withdraw his guilty plea.  Based upon the unique circumstances of this case, we agree.

{¶12}  "The decision whether to allow a defendant to withdraw a guilty plea lies within the discretion of the trial court."  (Internal quotations and citation omitted.)  *State v. McCallister,* 9th Dist. Summit No. 26722, 2013-Ohio-5559, ¶ 6. Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  "While a presentence motion to withdraw a guilty plea should be freely and liberally granted, * * * a post-sentence motion should only be granted if the defendant has met his burden of establishing the existence of manifest injustice." *McCallister* at ¶ 6.  (Internal quotations and citations omitted.)

{¶13}  Mr. Bortner attached an affidavit to his motion to withdraw his guilty plea.  He averred that he had agreed to plead guilty to the indictment with the understanding that after merging some of the offenses he would essentially receive a total sentence of 2 years in prison and 3 years of probation and that, instead of receiving the negotiated sentence, he received a sentence of 11.5 years.  He explained that he had failed to appear at the original sentencing hearing due to his mother's illness but that he had appeared at the subsequent sentencing hearing.  He also stated:

> 5. Neither my attorney nor the prosecutor that negotiated the plea agreement
> w[as] present.  Consequently, the Judge instructed his Bailiff to go to another
> courtroom and get an attorney for me.  The Bailiff returned with [another

attorney], and the State was represented by [a different attorney as well]. Because [my new attorney] was not familiar with the [case,] she could not consult with me prior to sentencing, and was unable to discuss the nature of the sentencing agreement with the Court. Because [the new prosecutor] was not the prosecutor that participated in the negotiations, she was unable to discuss the agreement with the Court.

* * *

7. I did not agree to serve a prison term of eleven and one-half years. [Undisputedly], had I known that I would be sentence[d] to such a sentence, I would not have waived my constitutional rights to take the case to trial.

{¶14} Additionally, Mr. Bortner attached a copy of the sentencing hearing transcript which evidenced that neither the State nor Mr. Bortner's new defense counsel brought the terms of the plea agreement to the trial court's attention. Mr. Bortner's new defense counsel indicated that she was aware that some deal was made between the original prosecutor and original defense counsel but she did not "recall what that deal [wa]s[.]" The trial court, contrary to its statements to Mr. Bortner at the plea hearing, indicated that "[t]his was a case that carried mandatory sentencing, so the State of Ohio just left it up to me[,]" and then proceeded to sentence Mr. Bortner to 11.5 years in prison.

{¶15} Mr. Bortner's argument on appeal appears to be that he pleaded guilty with the understanding that he would receive a prison sentence of approximately two years and that the trial court, contrary to its representation to Mr. Bortner, "imposed a sentence which was 760 per[cent] longer than what he had been promised at his plea hearing." "When a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary." *State v. Bonnell,* 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882, ¶ 18; *see also State v. Layman,* 2d Dist. Montogmery No. 22307, 2008-Ohio-759, ¶ 15; *State v. Allgood,* 9th Dist. Lorain Nos. 90CA004903, 90CA004904, 90CA004905, 90CA004907, 1991 WL 116269, *1-*3 (June 19, 1991).

{¶16} Initially at the plea hearing, the State indicated that it would defer to the trial court on the matter of sentencing. However, defense counsel almost immediately thereafter stated that there were some "discussions about a sentence of one year and four months, and probation on the failure to comply count * * *." The trial court then proceeded to discuss the possible sentences for the charges. Near the end of the colloquy, the trial court stated that, "today it's been represented to you that *you're going to receive* a prison sentence of one year, 120 days; you're going to be fined in the sum of $1,350; and your driver's license could be suspended anywhere from three years to your lifetime." (Emphasis added.) The trial court then asked if any additional promises were made to Mr. Bortner, to which Mr. Bortner replied, "No, sir."[1]

{¶17} In this case, the trial court told Mr. Bortner that he would receive a specific prison term, probation, a fine, and a driver's license suspension. The trial court did not qualify the ultimate imposition of the sentence in any manner. The record reflects that Mr. Bortner was induced to forego his constitutional rights and enter the plea based upon the trial court's description of the sentence he would receive upon entering the plea. The trial court never informed Mr. Bortner that the sentence was only a recommendation by the State, that it retained discretion in sentencing, or that it was not required to accept the plea agreement. *See State v. Quinn,* 2d Dist. Miami No. 02CA54, 2003-Ohio-5743, ¶ 53. Moreover, the trial court never put Mr. Bortner on notice that it intended to deviate from the agreement, *see Bonnell* at ¶ 21, nor did it warn Mr. Bortner at the plea hearing that there would be serious consequences should he fail to appear at the initial sentencing hearing. *See Layman* at ¶ 8, quoting *State v. Price,* 1st Dist.

---

[1] We note that the State does not argue that it did not agree to the sentence as described by defense counsel and the trial court and the record reflects that the State did not object to the imposition of the sentence as described by the court or indicate that it was not agreeing to that prison sentence in exchange for Mr. Bortner's plea of guilty.

Hamilton No. C-030262, 2003-Ohio-7109, ¶ 14.[2]   Overall, the transcript of the plea hearing reflects that the trial court agreed to sentence Mr. Bortner to the sentence it described to Mr. Bortner at the time he agreed to plead guilty.  However, it appears that, when the trial court imposed sentence, it had the mistaken and uncorrected belief that the State had left sentencing completely up to the trial court and that no agreement as to sentencing existed.  At that point, the trial court sentenced Mr. Bortner to 11.5 years in a prison – a dramatically harsher sentence than the one promised to him at the plea hearing.  Given all of the circumstances of this case, we conclude the trial court abused its discretion in denying Mr. Bortner's motion to withdraw his guilty plea.

{¶18}  We sustain Mr. Bortner's second assignment of error.

### III.

{¶19}  We are without jurisdiction to address Mr. Bortner's first assignment of error and sustain his second assignment of error.  All outstanding motions are denied as moot.  The judgment of the Lorain County Court of Common Pleas is reversed.

Judgment reversed,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

---

[2] We note that the State, citing cases such as *State v. Hill,* 10th Dist. Franklin No. 12AP-463, 2013-Ohio-674, ¶ 20-22, maintains that Mr. Bortner's failure to appear for sentencing was a breach of the plea agreement, and, thus, the State was not bound to the agreement.  However, the cases cited by the State address the situation in which the State agreed to recommend a sentence, not a situation such as this where a trial court informed the defendant that he would receive a particular sentence in exchange for his plea and never informed the defendant that such sentence was conditioned on his appearance at sentencing.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

HENSAL, J.
WHITMORE, J.
CONCUR.


APPEARANCES:

PAUL GRIFFIN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.