[Cite as *State v. Campbell*, 2014-Ohio-4780.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

     Appellee

v.

LONDON T. CAMPBELL

     Appellant

C.A. Nos.     27300
                 27301

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 13 04 0973
             CR 13 12 3326 (B)

DECISION AND JOURNAL ENTRY

Dated: October 29, 2014

WHITMORE, Judge.

{¶1} Defendant-Appellant, London Campbell, appeals from her convictions in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} In Case No. CR-2013-04-0973 ("Case A"), Campbell was indicted on charges of improperly handling a firearm, carrying a concealed weapon, and endangering children. Campbell agreed to plead guilty to the improper handling and child endangering charges in exchange for the dismissal of the carrying a concealed weapon charge. The court found Campbell guilty in accordance with her plea agreement and sentenced her to two years of community control.

{¶3} While serving community control in Case A, Campbell was indicted in Case No. CR-2013-12-3326(B) ("Case B"). Her indictment in Case B charged her with two counts of

robbery, theft from the elderly, and misuse of a credit card. The indictment in Case B also triggered a community control violation in Case A.

{¶4} A plea hearing on both Case A and Case B took place. At the outset of the hearing, the State set forth the terms of the plea agreement the parties had reached in Case B. The State informed the court that Campbell had agreed to plead guilty to all four counts in Case B and testify against her codefendant in exchange for the State's recommendation of a three-year prison sentence. The State also recommended the completion of a presentence investigation report ("PSI") and victim impact statement. Defense counsel agreed that the State had accurately set forth the terms of the parties' agreement and noted that they had executed a written plea agreement to that effect.

{¶5} After hearing the terms of the parties' plea agreement in Case B, the court conducted its plea colloquy and accepted Campbell's guilty plea on all four counts. The court also accepted Campbell's guilty plea on the community control violation in Case A. The court ordered a PSI and victim impact statement and continued the matter for sentencing.

{¶6} At the sentencing hearing, the State reiterated the terms of the plea agreement and recommended a three-year sentence. Defense counsel noted that he had reviewed the PSI and asked the court to impose a fair sentence. The court allowed Campbell her allocution and admonished her about the seriousness of her conduct after Campbell claimed that her crimes were not "committed to hurt anybody." The court also highlighted a portion of one of the victim's statements in which the victim described "how frightening it was to have a gun pointed at his face." The court sentenced Campbell to four and a half years in prison in Case B and twelve months in Case A, to run concurrently for a total of four and a half years in prison.

**{¶7}** Campbell filed appeals in Case A and Case B, and this Court consolidated the two appeals at her request. Campbell's appeals are now before this Court and raise four assignments of error for our review. For ease of analysis, we consolidate several of the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING CAMPBELL IN VIOLATION OF THE PARTIES' PLEA AGREEMENT.

Assignment of Error Number Two

CAMPBELL WAS DENIED HER CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HER TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF ITS PRISON SENTENCE WAS IN VIOLATION OF THE PARTIES' PLEA AGREEMENT.

**{¶8}** In her first assignment of error, Campbell argues that the court erred when it sentenced her to a prison term beyond the three-year term the State recommended pursuant to the parties' plea agreement. In her second assignment of error, she argues that her counsel was ineffective because he did not object when the court imposed a sentence in excess of three years. We disagree with both propositions.

**{¶9}** "[I]t is well settled that the terms of a plea agreement do not bind the discretion of a trial court." *State v. Ford*, 9th Dist. Summit No. 26457, 2013-Ohio-1768, ¶ 8, quoting *State v. Vonnjordsson*, 9th Dist. Summit No. 20368, 2001 WL 753273, *1 (July 5, 2001). As such, a "trial court is not required to impose sentence in accordance with the wishes or recommendations of the prosecution." *State v. Winland*, 9th Dist. Wayne No. 99CA0029, 2000 WL 113052, *3 (Jan. 26, 2000). *Accord State v. Pickett*, 9th Dist. Summit No. 25931, 2012-Ohio-1821, ¶ 6. It is the court who

is charged with the responsibility of establishing an appropriate sentence for the particular defendant before [it], considering his particular criminal conduct in light of the statutory sentencing limitations. The judge's decision to impose a sentence other than that recommended by the prosecutor is not a function of plea negotiations-it is a judicial function, reserved for the judge.

(Internal citation omitted.) *State v. Smith*, 9th Dist. Summit No. 13728, 1988 WL 139562, *2 (Dec. 28, 1998). "[W]here a court complies with Crim.R. 11 by informing the defendant that the state's sentencing recommendation is not binding upon it, a defendant's plea is knowingly and voluntarily made." *State v. Williamson*, 9th Dist. Summit No. 17927, 1997 WL 72085, *2 (Feb. 12, 1997). *Compare State v. Bortner*, 9th Dist. Lorain No. 13CA010494, 2014-Ohio-4121, ¶ 15, quoting *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882, ¶ 18 ("When a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary.").

{¶10} At the beginning of Campbell's plea hearing, the State notified the court that the parties had reached a plea agreement. The State specified that Campbell had agreed to plead guilty to the four charges in Case B and to testify against her codefendant. Meanwhile, the State had agreed to recommend a three-year prison sentence along with a PSI and victim impact statement. The State, therefore, orally apprised the court of the plea agreement.

{¶11} The parties also filed a written plea of guilt, which the court signed to indicate its adoption. Notably, the written plea of guilt does not contain the three-year prison term recommendation from the State. In the space provided on the written plea to state the plea agreement in its entirety, the words that appear are "PSI/VIS," "Restitution," and "No contact w/ vic." Moreover, the written plea agreement, which Campbell signed, specifically provides: "I understand that the Prosecutor's recommendation does not have to be followed by the court."

{¶12} After the parties set forth their understanding of the terms of the plea agreement at the plea hearing, the court addressed Campbell. The court never told Campbell that she would receive a three-year prison term in exchange for her plea. *Compare Bortner*, 2014-Ohio-4121, at ¶ 17. Instead, the court specifically asked Campbell whether she understood that it did not have to accept the State's recommendation of a three-year prison term. Campbell responded in the affirmative. The court then conducted a full Crim.R. 11 plea colloquy, accepted Campbell's plea, and ordered a PSI and victim impact statement. When the sentencing hearing later occurred, the court engaged Campbell in a discussion about the seriousness of her conduct and indicated that it had reviewed both the PSI and the victim impact statement from the three victims involved in Case B. The court then indicated that, based on the facts and circumstances of the case, it would impose a total sentence of four and a half years in Case B, to run concurrent with the twelve-month sentence it imposed in Case A.

{¶13} Campbell argues that the court erred by failing to follow the State's recommendation for a three-year prison term in Case B. She argues that the court never indicated that it might reject the parties' plea agreement and never advised her of its intention to impose a greater sentence. Because the court never advised her that it would be departing from the terms of the plea agreement and never gave her the opportunity to reconsider her plea, Campbell argues that she is entitled to have her sentence vacated and to be resentenced to a three-year term.

{¶14} Contrary to Campbell's argument, the trial court specifically advised her that the prosecutor's recommendation was just that; a recommendation. Before accepting her plea, the court asked Campbell if she understood that it was not bound by the State's recommendation for a three-year term. Campbell responded in the affirmative. Moreover, the written plea agreement

that Campbell signed likewise provided that she "underst[ood] that the Prosecutor's recommendation [did] not have to be followed by the court." This case is distinct from cases in which the defendant was never informed that the court could deviate from the terms of his or her plea agreement. *Compare Bornter, supra; Ford*, 2013-Ohio-1768, at ¶ 10 (sentence vacated where trial court never informed defendant that it might deviate from the terms of the plea agreement); *State v. Allgood*, 9th Dist. Lorain Nos. 90CA004903, 90CA004905 & 90CA004907, 1991 WL 116269, *3 (June 19, 1991) (judgment reversed where court imposed consecutive sentences in contravention of the plea agreement and never advised the defendant at the plea hearing that "it could impose consecutive sentences despite the plea arrangements to the contrary").

**{¶15}** The trial court forewarned Campbell that it was not bound to accept the State's sentencing recommendation before she entered her plea, and Campbell indicated that she understood. "[Campbell's] claim merely expresses [her] disappointment with the more stringent sentence imposed by the trial court." *Williamson*, 1997 WL 72085, at *2. Because the court was "not required to impose sentence in accordance with the wishes or recommendations of the prosecution," Campbell's argument lacks merit. *Winland*, 2000 WL 113052, at *3. Her first assignment of error is overruled.

**{¶16}** Campbell also argues that she received ineffective assistance of counsel because her attorney did not object when the trial court imposed a sentence in excess of three years. As set forth above, however, the trial court did not err when it sentenced Campbell to a term in excess of the State's recommendation. As such, Campbell cannot demonstrate that she was prejudiced by her counsel's failure to object. *See State v. El-Jones*, 9th Dist. Summit No. 26136, 2012-Ohio-4134, ¶ 21. Her second assignment of error is overruled.

Assignment of Error Number Three

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT ORDERED CAMPBELL TO HAVE "NO CONTACT" WITH THE VICTIMS.

Assignment of Error Number Four

CAMPBELL WAS DENIED HER CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HER TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S ORDER OF HAVING "NO CONTACT" WITH THE VICTIMS WAS UNLAWFUL.

{¶17}  In her third assignment of error, Campbell argues that the trial court erred when it ordered her not to have any contact with her victims.  In her fourth assignment of error, she argues that her counsel was ineffective because he did not object to the court's no contact order.  We disagree with both propositions.

{¶18}  Campbell argues that the trial court lacked authority to issue a no contact order once it imposed her prison term.  *See State v. Holly*, 8th Dist. Cuyahoga No. 95454, 2011-Ohio-2284.  Initially, we note that Campbell's plea agreement specifically listed "no contact w/ vic" as a condition of the agreement.  The court's no contact order was, therefore, consistent with the terms of the parties' plea agreement.  *See State v. Campbell*, 90 Ohio St.3d 320, 324 (2000), quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20 (1986), paragraph one of the syllabus ("The doctrine of invited error holds that a litigant may not 'take advantage of an error which he himself invited or induced.'").  More importantly, this Court has already held that "a trial court may impose a no contact order as part of its sentence." *State v. Anderson*, 9th Dist. Summit No. 26640, 2014-Ohio-1206, ¶ 39.  Campbell acknowledges our decision in *Anderson*, but asks us to reconsider our decision.

{¶19}  This Court has certified our decision in *Anderson* as being in conflict with the Eighth District's decision in *Holly*, and the Supreme Court has accepted the issue for

consideration. At present, the Supreme Court has not yet issued a decision. This Court declines Campbell's invitation to reconsider our precedent. Because we have already determined that a trial court may impose a no contact order as part of its sentence, Campbell's argument lacks merit. *See Anderson* at ¶ 39. Her third assignment of error is overruled.

{¶20} Campbell also argues that she received ineffective assistance of counsel because her attorney did not object when the trial court imposed a no contact order. As set forth above, the trial court did not err when it ordered Campbell not to have any contact with the victims. As such, Campbell cannot demonstrate that she was prejudiced by her counsel's failure to object. *See El-Jones*, 2012-Ohio-4134, at ¶ 21. Her fourth assignment of error is overruled.

III

{¶21} Campbell's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, J.
CONCURS.

BELFANCE, P. J.
CONCURRING:

{¶22} I concur in the majority's resolution of Ms. Campbell's first and second assignments of error. With respect to the resolution of her third and fourth assignments of error, I concur in the majority's judgment out of deference to this Court's precedent. *See State v. Anderson*, 9th Dist. Summit No. 26640, 2014-Ohio-1206, ¶ 46-58 (Belfance, P.J., concurring in part, and dissenting in part).

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.