[Cite as *State v. Cox*, 2020-Ohio-4011.]

STATE OF OHIO      )
      )ss:
COUNTY OF LORAIN      )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO

    Appellee

v.

NICOLE COX

    Appellant

C.A. No.     19CA011513

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17CR096109

DECISION AND JOURNAL ENTRY

Dated: August 10, 2020

TEODOSIO, Judge.

{¶1} Defendant-Appellant, Nicole Cox, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} Ms. Cox was involved in a vehicular crash, during which she drove in the wrong direction and collided with an oncoming vehicle. As a result of the crash, she was indicted on the following counts: aggravated vehicular assault, driving under suspension, operating a vehicle under the influence of alcohol or drugs, operating a vehicle under the influence of a controlled substance or metabolite of a controlled substance, and vehicles traveling in opposite directions. Ms. Cox ultimately agreed to plead guilty to her charges with the understanding that the State would recommend a sentence of two years in prison. In accepting her plea, the trial court cautioned her several times that it was not bound by that recommendation and that a two-year term was not guaranteed.

{¶3} Ms. Cox's sentencing hearing took place almost three months after her plea hearing. At the sentencing hearing, the court informed her that it was troubled by several items in her pre-sentence investigation report. Further, the court expressed its disapproval regarding several comments and jokes she had made on social media while awaiting sentence. The court ultimately sentenced Ms. Cox to five years in prison on her aggravated vehicular assault charge. Her remaining counts either resulted in concurrent sentences or were merged as allied offenses.

{¶4} Ms. Cox now appeals from the trial court's judgment and raises two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

MS. COX'S PLEA WAS OBTAINED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO CRIMINAL RULE 11(C).

{¶5} In her first assignment of error, Ms. Cox argues that her guilty plea was not knowingly, intelligently, and voluntarily entered. She argues that the trial court induced her plea when it represented that, absent certain triggering events, it would follow the State's sentencing recommendation. Because the court departed from the State's recommendation without any of those events having transpired, Ms. Cox asserts that her plea is invalid. We do not agree.

{¶6} "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4. *Accord State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "A determination of whether a plea is knowing, intelligent, and voluntary is based upon a review of the record * * * [and] the totality of the circumstances * * *." *Akron v. Hendon*, 9th Dist. Summit No. 22791, 2006-Ohio-1038, ¶ 4. "'When a trial court promises a certain sentence, the promise becomes an inducement to enter a

plea, and unless that sentence is given, the plea is not voluntary.'" *State v. Bortner*, 9th Dist. Lorain No. 13CA010494, 2014-Ohio-4121, ¶ 15, quoting *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882, ¶ 18. Yet, sentencing recommendations are distinct from promises, and trial courts are "not required to impose sentence[s] in accordance with the wishes or recommendations of the prosecution." *State v. Winland*, 9th Dist. Wayne No. 99CA0029, 2000 WL 113052, *3 (Jan. 26, 2000). "'[W]here a court complies with Crim.R. 11 by informing the defendant that the state's sentencing recommendation is not binding upon it, a defendant's plea is knowingly and voluntarily made.'" *State v. Campbell*, 9th Dist. Summit Nos. 27300, 27301, 2014-Ohio-4780, ¶ 9, quoting *State v. Williamson*, 9th Dist. Summit No. 17927, 1997 WL 72085, *2 (Feb. 12, 1997).

{¶7} At the start of the plea hearing, the State notified the court that Ms. Cox would be pleading guilty and the State would be recommending the mandatory minimum sentence of two years in prison. Defense counsel agreed with that recitation and noted that Ms. Cox understood the court "would likely impose" the State's sentencing recommendation in the absence of "anything unforeseen showing up or her picking up any new charges * * *." In response to defense counsel's statement, the court cautioned Ms. Cox that it "want[ed] to be clear that [it] never guarantee[d] or unconditionally promise[d] a sentence * * *." The court gave several examples of things that could impact its sentencing decision, including any new charges, any failure on the part of Ms. Cox to appear at sentencing, or any indication that the victim was no longer amenable to the recommended sentence. The court indicated that it was "inclined" to follow the State's sentencing recommendation, but that it would not guarantee that result. Ms. Cox indicated that she understood the court's position and still wished to plead guilty.

{¶8} The record reflects that the court conduced a full Crim.R. 11 plea colloquy, during which Ms. Cox repeatedly indicated that she understood the rights she would be waiving by pleading guilty. The court addressed her constitutional and non-constitutional rights, the potential penalties she faced for each of her offenses, and other issues such as post-release control and judicial release. The following exchange then took place:

> THE COURT: And I've already told you this, but I'm going to reiterate it again, do you understand that the agreement reached between you and your attorney and the prosecutor regarding your sentence is a recommendation, I'm not bound by that recommendation, and I'll make the final decision regarding your sentence?
>
> [MS COX]: Yes.
>
> THE COURT: Again, I've told you this, but I'm going to say it again, do you understand that the recommended prison sentence is dependent upon no adverse information from what I've been advised, such as a more significant criminal history, victims or law enforcement objecting to that sentence, your failure to make restitution or appear for sentencing or picking up any new offenses; do you understand all that?
>
> [MS. COX]: Yes.

The trial court then accepted Ms. Cox's guilty plea and ordered a pre-sentence investigation report.

{¶9} At the sentencing hearing, the court informed Ms. Cox that it was very troubled by certain information that had been included in the pre-sentence investigation report. That information included statements she had made to the investigator about herself and the victim, a statement that "if this had happened later, marijuana would have been legal," and the fact that she had been caught driving at least three times since the crash in spite of her suspended license. The court also indicated that it was troubled by certain statements and pictures she had shared on social media. The court informed Ms. Cox that her conduct outside the courtroom evidenced a lack of remorse and demonstrated that she was a threat to the community. Based on its review of the entire record, the court sentenced her to five years in prison.

{¶10} Ms. Cox argues that the trial court erred when it departed from the State's recommendation of a two-year prison term. According to Ms. Cox, the court induced her plea by promising that it would follow that recommendation unless she incurred new criminal charges, she failed to appear, or the victim expressed a change of heart about the length of the recommended sentence. Ms. Cox argues that, absent one of those three specific occurrences, the court was obligated to impose the two-year sentence. Because it did not, she claims that her plea is invalid.

{¶11} Upon review, the record does not support Ms. Cox's argument that the trial court induced her plea by promising a two-year sentence. The court indicated that it was inclined to follow the State's sentencing recommendation so long as it did not learn any additional adverse information about Ms. Cox. It then provided several examples of the type of adverse information that might influence its decision. The court never stated that, absent one of those specific examples, it would guarantee Ms. Cox's sentence. *Compare Bortner*, 2014-Ohio-4121, at ¶ 15-17. In fact, it cautioned Ms. Cox multiple times that it was *not* guaranteeing the recommended sentence. Each time, the court asked her whether she understood and whether she still wished to plead guilty. Each time, Ms. Cox responded in the affirmative. Because the court complied with Crim.R. 11 and repeatedly informed Ms. Cox that it was not bound by the State's sentencing recommendation, we cannot conclude that her plea was induced such that it was not knowingly and voluntarily entered. *See Campbell*, 2014-Ohio-4780, at ¶ 9, quoting *Williamson*, 1997 WL 72085, at *2. As such, Ms. Cox's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER THE PRINCIPLES OF SENTENCING PURSUANT TO R.C. 2929.11, AND WHEN IT FAILED TO BALANCE THE FACTORS OF SERIOUSNESS AND RECIDIVISM PURSUANT TO R.C. 2929.12(D) AND R.C. 2929.12(E) PRIOR TO SENTENCING.

{¶12} In her second assignment of error, Ms. Cox argues that the trial court erred when it sentenced her without properly considering the required statutory sentencing factors. We do not agree that the court erred when it sentenced Ms. Cox.

{¶13} An appellate court's standard for review of a felony sentence is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2). The Ohio Supreme Court has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶14} "[A] trial court has 'full discretion to impose a prison sentence within the statutory range' and is 'no longer required to make findings or give * * * reasons for imposing maximum * * * sentences.'" *State v. Brundage*, 9th Dist. Summit No. 29477, 2020-Ohio-653, ¶ 12, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. Trial courts must consider the statutory sentencing factors set forth in R.C. 2929.11 and 2929.12, but they need not expressly outline their considerations. *See State v. Archer*, 9th Dist. Medina No. 18CA0010-M, 2019-Ohio-171, ¶ 6. "Unless the record shows that [a] court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8, quoting *State v. Boysel*, 2d Dist. Clark No. 2013-CA-78, 2014-Ohio-1272, ¶ 13.

**{¶15}** Ms. Cox acknowledges that, in issuing her sentence, the trial court expressly stated that it had considered the statutory factors outlined in R.C. 2929.11 and 2929.12. She argues that the court failed to properly consider those factors, however, as it relied on her social media posts to increase her sentence. Ms. Cox argues that she had a right to free speech under the First Amendment and that it was error for the court to punish her for exercising her rights. Because the court increased her sentence for reasons other than those outlined in R.C. 2929.11 and 2929.12, she argues, her sentence is contrary to law.

**{¶16}** Initially, we note that Ms. Cox never raised any argument about free speech or the First Amendment in the lower court. "The failure to raise a constitutional issue at the trial level [forfeits] the right to advance a constitutional argument at the appellate level." *State v. McGinnis*, 9th Dist. Medina No. 05CA0061-M, 2006-Ohio-2281, ¶ 29. "While a defendant who forfeits such an argument still may argue plain error on appeal, this [C]ourt will not sua sponte undertake a plain-error analysis if a defendant fails to do so." *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 41, citing *State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 11. "Because [Ms. Cox] forfeited this issue on appeal and has not argued plain error, we must conclude that [her argument] lacks merit." *Id.* at ¶ 42.

**{¶17}** Upon review, the record does not support the conclusion that the trial court erred when it sentenced Ms. Cox to five years in prison on her aggravated vehicular assault count. Her sentence fell within the statutory range for second degree-felonies, *see* Former R.C. 2929.14(A)(2), and, in issuing her sentence, the court specifically noted that it had considered the sentencing factors set forth in R.C. 2929.11 and 2929.12. Even assuming without deciding that the court ought not to have considered Ms. Cox's social media posts, it offered numerous reasons for its decision to depart from the State's sentencing recommendation. Those reasons included the fact

that Ms. Cox had told the pre-sentence investigator (1) that she was "bitter about the whole situation" and the fact that she had been portrayed as "a druggy"; (2) that the victim had been "made whole" while she was the one who had been grievously injured, had no car or insurance, and was going to prison; and (3) that "had [the incident] happened later, marijuana would have been legal." The court also noted that it was very concerned that, following the crash, Ms. Cox had broken the law on at least three occasions when she was caught driving on her suspended license. The court indicated that Ms. Cox' behavior and entire attitude demonstrated that she lacked remorse for her conduct and was still a threat to the community. It then issued her sentence based upon the entire record, including the oral statements that had been presented, the pre-sentence investigation report, and the relevant statutory factors. Because the record supports the court's sentencing determination and Ms. Cox has not shown that her sentence is otherwise contrary to law, we cannot conclude that the trial court erred when it imposed her five-year sentence. *See Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 1; R.C. 2953.08(G)(2). Ms. Cox's second assignment of error is overruled.

III.

{¶18} Ms. Cox's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


_____
THOMAS A. TEODOSIO
FOR THE COURT


CALLAHAN, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.