[Cite as *State v. Senz*, 2011-Ohio-2604.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| STATE OF OHIO | | C.A. No. 10CA0042-M |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES C. SENZ | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 09-CR-0582 |

DECISION AND JOURNAL ENTRY

Dated: May 31, 2011

DICKINSON, Judge.

## INTRODUCTION

{¶1} Two men assaulted Robert Crawford. James Senz pleaded no contest to felonious assault. The trial court found him guilty and sentenced him to three years in prison. This Court affirms the trial court's judgment because Mr. Senz's sentence was not contrary to law and the trial court did not abuse its discretion by sentencing Mr. Senz to a longer prison term than his codefendant.

## BACKGROUND

{¶2} At the sentencing hearing, the trial court stated the facts it had before it. Mr. Crawford told a police officer responding to a call that he was sitting in his truck at a gas station when Mr. Senz approached him. According to Mr. Crawford, Mr. Senz started apologizing for something that had happened on a previous day and then hit him in the head with a hard object he believed to be a piece of rebar. Mr. Senz's codefendant pulled Mr. Crawford from the car,

and both men began to kick him. Mr. Crawford said that the men took about six hundred dollars in cash from his truck's dashboard. He remained in the hospital for over two weeks. Some of his teeth were broken, and he suffered injuries to his shoulder, ribs, and brain.

{¶3} The trial court allowed Mr. Senz to speak at his sentencing hearing. He told the trial court that his cousin had come over with her ex-husband, his codefendant, and that she complained that Mr. Crawford had hit her in the ribs multiple times. According to Mr. Senz, when the defendants saw Mr. Crawford at the gas station later that night, his codefendant jumped out of the car they were in and went to fight with Mr. Crawford.

{¶4} Mr. Senz said that he got out and attempted to break up the fight. He admitted that he hit Mr. Crawford two times. He said he told his codefendant to stop fighting and then returned to the car. According to Mr. Senz, when he saw that his codefendant was still beating Mr. Crawford, he went back and got him to stop.

SENTENCE

{¶5} Mr. Senz's sole assignment of error is that the trial court incorrectly sentenced him to a longer prison term than his codefendant. When reviewing felony sentencing, an appellate court must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is contrary to law. If the sentence is not contrary to law, it is then reviewed for an abuse-of-discretion. *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, at ¶4.

{¶6} Mr. Senz has argued that, because his codefendant was "equally culpable[,]" the trial court failed to follow the provision of Section 2929.11(B) of the Ohio Revised Code that sentences be "consistent with sentences imposed for similar crimes committed by similar offenders." "[W]here the trial court does not put on the record its consideration of [Section]

2929.11 [of the Ohio Revised Code,] . . . it is presumed that the trial court gave proper consideration to [the] statute[ ]." *State v. Kalish*, 120 Ohio St. 3d 23, 2008-Ohio-4912, at ¶18 n. 4. The trial court sentenced Mr. Senz to three years in prison, the second shortest term permitted for a second degree felony. As his prison term is within the statutory range, it is assumed the trial court considered the factors listed in Section 2929.11.

{¶7} Consistency "aims at similar sentences. . . . Although offenses may be similar, distinguishing factors may justify dissimilar sentences." *State v. Zaharie*, 9th Dist. No. 09CA0077-M, 2010-Ohio-3542, at ¶13 (quoting *State v. Marriott*, 2d Dist. No. 2008 CA 48, 2009-Ohio-2323, at ¶37). "There is no requirement that codefendants receive equal sentences, however. Differences between defendants allow trial courts to impose different sentences upon individuals convicted of similar crimes." *State v. Allen*, 10th Dist. No. 10AP-487, 2011-Ohio-1757, at ¶23 (citing *State v. Franklin*, 182 Ohio App. 3d 410, 2009-Ohio-2664, at ¶12).

{¶8} Mr. Senz has pointed to *State v. McCauley*, 8th Dist. No. 80630, 2003-Ohio-3211, for the proposition that he "[can] obtain relief if he [can] show that the record does not support his prison term because a codefendant received a lighter sentence from the same judge despite the fact that [the codefendant's] conduct was clearly more serious than his." *Id*. at ¶12. While Mr. Senz did tell a version of the assault that reduced his role, it was at odds with Mr. Crawford's version. Mr. Senz was not testifying, and he was not subject to cross examination. The trial court was not required to believe his version over Mr. Crawford's, which was recounted to a police officer immediately after the fight. Further, while Mr. Crawford did say that both men were equally involved, he also said that Mr. Senz hit him with a piece of rebar. Given the evidence that Mr. Senz used a weapon in the assault while his codefendant did not, the record does not clearly show that his codefendant's conduct was more serious than his. Further, the trial

court had reviewed Mr. Senz's presentence investigation report, which has not been provided to this Court for review. Even if it had been, however, the question of how Mr. Senz's report compared to his codefendant's would remain.

{¶9} Mr. Senz has failed to overcome the presumption that the trial court properly considered the felony sentencing guidelines contained in the Ohio Revised Code. Accordingly, this Court concludes that his sentence is not contrary to law. Further, the record contains evidence that Mr. Senz used a weapon during the assault while his codefendant did not. We cannot conclude that the trial court abused its discretion by sentencing Mr. Senz to a longer prison term than his codefendant. His assignment of error is overruled.

CONCLUSION

{¶10} The trial court did not abuse its discretion by sentencing Mr. Senz to a longer prison term than his codefendant. The judgment of the Medina County Common Pleas Court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.