[Cite as *State v. Fernandez*, 2014-Ohio-3651.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

MARK A. FERNANDEZ

    Appellant

C.A. No.     13CA0054-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    12 CR 0334

DECISION AND JOURNAL ENTRY

Dated: August 25, 2014

WHITMORE, Judge.

{¶1}  Appellant, Mark Fernandez, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I

{¶2}  In July 2012, Fernandez was indicted on one count of robbery, in violation of R.C. 2911.02(A)(3), a felony of the third degree. Fernandez pleaded no contest and the court found him guilty. The court sentenced him to three years of community control with "intensive supervision" because the probation department had classified him as a "high risk offender." The court informed Fernandez that if he violated the conditions of his community control, the court would impose a five year prison sentence.

{¶3}  In February 2013, Fernandez failed to report to the probation department and a warrant was issued for his arrest. He was arrested in June 2013 and charged with two separate community control violations. First, for absconding from supervision, and second, for being

charged with theft in Cuyahoga County. In July 2013, Fernandez admitted the two charged violations and the court sentenced him to three years in prison. Fernandez now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED MR. FERNANDEZ TO A MAXIMUM SENTENCE OF 3 YEARS IN PRISON AFTER HE PLED GUILTY [TO] ONE COUNT OF ROBBERY 2911.02(A)(3) A FELONY OF THE THIRD DEGREE AND ADMITTED A PROBATION VIOLATION.

{¶4} In his sole assignment of error, Fernandez argues that the court erred in sentencing him to a maximum sentence without considering factors in R.C. 2929.11 and R.C. 2929.12.

{¶5} When reviewing a trial court's sentence, we apply a two-step approach. *State v. Roper*, 9th Dist. Summit Nos. 26631 & 26632, 2013-Ohio-2176, ¶ 5. "First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26. Second, if the sentence is not contrary to law, we review the trial court's decision in imposing the term of imprisonment for an abuse of discretion. *Id*. While Fernandez frames his argument as the court abused its discretion in sentencing, the substance of his argument is that the court's sentence is contrary to law because it did not consider the factors in R.C. 2929.11 and R.C. 2929.12 as required. We, therefore, limit our review to whether Fernandez's sentence is contrary to law.

{¶6} When imposing a sentence for a felony, courts are required to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and R.C. 2929.12. R.C. 2929.11 provides:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶7} In R.C. 2929.12, the legislature detailed factors that the court must consider, if applicable, to gauge the seriousness of the crime and the offender's likelihood of recidivism. The court must consider these factors in fashioning a sentence that best achieves the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A). "Although a sentencing judge must consider the princip[les] and purposes of sentencing in imposing a sentence, he or she is not required to make findings or give their reasons before imposing a maximum sentence." *State v. Linde*, 9th Dist. Summit No. 26714, 2013-Ohio-3503, ¶ 21, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.

{¶8} "[W]here the trial court does not put on the record its consideration of [Sections] 2929.11 and 2929.12 [of the Ohio Revised Code], it is presumed that the trial court gave proper consideration to those statutes." (Alterations sic.) *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, at ¶

18 fn. 4. "Unless the record shows that the court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Boysel*, 2d Dist. Clark No. 2013-CA-78, 2014-Ohio-1272, ¶ 13, quoting *State v. Rutherford*, 2d Dist. Champaign No. 08-CA-11, 2009-Ohio-2071, ¶ 34.

{¶9} Fernandez argues that the record does not reflect that the court considered the purposes and principles of sentencing. However, under the facts of this case, we conclude Fernandez has not overcome the presumption that the court properly considered the statutory factors when imposing his sentence.

{¶10} In August 2012, Fernandez pleaded no contest to one count of robbery, a felony of the third degree, and waived a statement of the facts. The court found Fernandez guilty and ordered a pre-sentence investigation report. In September 2012, the court sentenced Fernandez to three years of community control. The court noted that it was "reaching" by ordering community control "because [the] probation department ha[d] determined [that Fernandez was] a high risk offender." For that reason, the court ordered "intensive supervision." The court warned Fernandez that if he violated the terms of his community control it "will order a five-year prison sentence."

{¶11} In February 2013, the court issued a warrant for Fernandez's arrest based on the probation department reporting that he had "absconded from supervision." Fernandez was not arrested until June, when he was charged with a felony theft in Cuyahoga County. On July 1, 2013, the court held a hearing on the two community control violation charges. The court noted that when it placed Fernandez on community control, it indicated that it would sentence him to a prison term of five years if he violated. Fernandez admitted the violations. When the court

asked Fernandez if he had anything to say, he responded, "I'm sorry, your Honor. You said there was five years hanging over my head. I believe the last time we determined it was three not five. That's * * * all I have to say."[1] The State requested prison time based on "the nature of the underlying offense, which [wa]s [a] robbery," and the fact that Fernandez did have prior convictions. The court noted that Fernandez currently had "five active warrants, including a warrant out of Mercer County out of Pennsylvania, out of Ontario, out of Ohio, out of Stark County, and Summit County." Additionally, Fernandez had been arrested "on a Medina Municipal Court case and * * * ha[d] been bound over to Grand Jury." The court then imposed a three-year prison sentence.

{¶12} The court, therefore, was aware that Fernandez had: (1) prior convictions, (2) been classified as a high risk offender by the probation department, (3) admitted to two community control violations, (4) absconded from supervision and spent over three months on the run, (5) impermissibly left the State while on community control, (6) had five active warrants covering various counties, including one from out of state, and (7) appeared to show no remorse for his violations. *See* R.C. 2929.12(D)(1) – at the time of the offense he was under community control sanctions; R.C. 2929.12(D)(2) – history of criminal convictions; 2929.12(D)(3) – offender has not responded favorable to sanctions previously imposed for criminal convictions; 2929.12(D)(5) – no remorse.

{¶13} With the information that was before the court at sentencing, we cannot conclude that Fernandez has met his burden to rebut the presumption that the court properly considered the

---

[1] At Fernandez's plea hearing in August 2012 defense counsel informed the court that the higher tier felony sentence did not apply to Fernandez because he did not have two or more prior theft convictions. The maximum sentence for the higher tier is five years; the lower tier maximum sentence is three years. R.C. 2929.14(A)(3)(a), (b).

purposes and principles of sentencing detailed in R.C. 2929.11 and R.C. 2929.12. Because his sentence is within the statutory range and Fernandez has not rebutted the presumption that the court considered the sentencing factors when imposing his sentence, Fernandez's sentence is not contrary to law.

**{¶14}** Fernandez's assignment of error is overruled.

### III

**{¶15}** Fernandez's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶16} I concur in the majority's judgment. A sentencing judge is required to consider the principles and purposes of sentencing when imposing a sentence; however, it is not necessary for the judge to make findings or give reasons before imposing a maximum sentence. *State v. Brooks,* 9th Dist. Summit Nos. 26437, 26352, 2013-Ohio-2169, ¶ 6. In this case, the record reflects that the trial court had before it and considered information relevant to the trial court's mandatory considerations under R.C. 2929.11 and 2929.12. I agree that Mr. Fernandez' argument is properly overruled.

APPEARANCES:

NOWAR KATIRJI, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and LAUREN M. HASE, Assistant Prosecuting Attorney, for Appellee.