[Cite as *State v. Tucker*, 2017-Ohio-4215.]

STATE OF OHIO        )
                           )ss:
COUNTY OF LORAIN   )

| | | |
|---|---|---|
| STATE OF OHIO | | IN THE COURT OF APPEALS |
| | | NINTH JUDICIAL DISTRICT |

STATE OF OHIO

    Appellee

    v.

KAREEM TUCKER

    Appellant

C.A. Nos.    16CA010963
                16CA010964

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.   10CR081026
             12CR084231

DECISION AND JOURNAL ENTRY

Dated: June 12, 2017

HENSAL, Presiding Judge.

{¶1}  Kareem Tucker appeals his convictions and sentences in the Lorain County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}  In March 2012, a jury found Mr. Tucker guilty of multiple counts of kidnapping, as well as counts of aggravated robbery, aggravated burglary, robbery, burglary, and vandalism. Following merger of some of the offenses, the trial court sentenced him to a total of 25 years imprisonment.  Eight months later, another jury found Mr. Tucker guilty of trafficking in drugs, possession of drugs, having weapons while under disability, possessing criminal tools, and use or possession of drug paraphernalia.  After merging some of those offenses, the trial court sentenced him to a total of thirteen years and four months imprisonment.  It also ordered his

sentences in the drug case to run consecutively to the prison term that had been imposed in the kidnapping case.

{¶3} Mr. Tucker appealed both judgments. In the kidnapping case, this Court concluded that some of the trial court's statements made it appear that it had imposed a harsher sentence on Mr. Tucker because he chose to go to trial. *State v. Tucker*, 9th Dist. Lorain No. 14CA010704, 2016-Ohio-1354, ¶ 30. We, therefore, vacated his sentence and remanded the matter for a new sentencing hearing. *Id.* In the drug case, this Court concluded that the State failed to present sufficient evidence to establish beyond a reasonable doubt that Mr. Tucker had a weapon under disability. *State v. Tucker*, 9th Dist. Lorain No. 13CA010339, 2016-Ohio-1353, ¶ 27. We also concluded that the record again suggested that the court had increased Mr. Tucker's sentence for exercising his right to a trial by jury. *Id.* at ¶ 33. We, therefore, vacated his sentence, and remanded for further proceedings.

{¶4} On remand, a different judge held a combined resentencing hearing. In the kidnapping case, the court sentenced Mr. Tucker to a total of 28 years imprisonment. In the drug case, it sentenced him to a total of 13 years imprisonment. The court ordered the sentences to run consecutive to each other, for a total prison term of 41 years. Mr. Tucker has appealed his sentences, assigning seven errors. Because some of his assignments of error raise similar issues, we will address them together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED, AND TO THE PREJUDICE OF APPELLANT, BY ENTERING A JUDGMENT OF CONVICTION ON COUNT ONE OF THE INDICTMENT, TRAFFICKING IN DRUGS, AS A FELONY OF THE FIRST DEGREE, WHEN APPELLANT WAS CHARGED WITH, AND FOUND GUILTY BY THE JURY OF, TRAFFICKING IN DRUGS AS A FELONY OF THE FIFTH DEGREE.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED, AND TO THE PREJUDICE OF APPELLANT, BY ENTERING A JUDGMENT OF CONVICTION AND SENTENCE ON COUNT FIVE OF THE INDICTMENT, TRAFFICKING IN COCAINE, AS A FELONY OF THE FOURTH DEGREE, WHEN APPELLANT WAS FOUND GUILTY BY THE JURY OF TRAFFICKING IN COCAINE AS A FELONY OF THE FIFTH DEGREE.

{¶5} Mr. Tucker argues that the trial court incorrectly wrote in its sentencing entry that one of his drug trafficking convictions was a felony of the first degree and that another was a felony of the fourth degree. According to Mr. Tucker, the jury's verdict only supports the conclusion that they were felonies of the fifth degree because the verdict forms do not contain any of the additional findings that are necessary to enhance the level of the offenses.

{¶6} The State argues that Mr. Tucker's arguments are barred by res judicata, asserting that they could have been made in his first appeal. The doctrine of res judicata "bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶7} In its original sentencing entry, the trial court wrote that the jury had found Mr. Tucker guilty of four counts of drug trafficking. The court wrote that one of the counts was a felony of the first degree, one was a felony of the fourth degree, and the others were felonies of the fifth degree. Mr. Tucker did not challenge the designations on appeal. On resentencing, the court again wrote that a jury found Mr. Tucker guilty of four counts of drug trafficking and that one of those counts is a felony of the first degree, one is a felony of the fourth degree, and two are felonies of the fifth degree. Upon review of the record, we conclude that Mr. Tucker could have challenged the offense level of his trafficking convictions in his initial appeal. His

argument, therefore, is barred by the doctrine of res judicata. *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995) ("[If] an argument could have been raised on an initial appeal, *res judicata* dictates that it is inappropriate to consider that same argument on a second appeal following remand."). Mr. Tucker's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED, AND TO THE PREJUDICE OF APPELLANT, BY IMPOSING CONSECUTIVE SENTENCES TOTALING 13 YEARS, WHEN THE COURT'S FINDING UNDER R.C. 2929.14(C)(4), "THAT CONSECUTIVE SENTENCES ARE NOT DISPROPORTIONATE TO THE SERIOUSNESS OF THE OFFENDER'S CONDUCT," IS NOT SUPPORTED BY THE RECORD.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED, AND TO THE PREJUDICE OF APPELLANT, BY IMPOSING CONSECUTIVE SENTENCES TOTALING 13 YEARS, WHEN THE COURT FAILED TO MAKE A FINDING THAT IS SUFFICIENT UNDER DIVISION (b) OF R.C. 2929.14(C)(4), EITHER IN HIS JUDGMENT ENTRY, OR ON THE RECORD, BEFORE IMPOSING CONSECUTIVE SENTENCES.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED, AND TO THE PREJUDICE OF APPELLANT, BY IMPOSING CONSECUTIVE SENTENCES TOTALING 28 YEARS, WHEN THE COURT'S FINDING UNDER R.C. 2929.14(C)(4), "THAT CONSECUTIVE SENTENCES ARE NOT DISPROPORTIONATE TO THE SERIOUSNESS OF THE OFFENDER'S CONDUCT," IS NOT SUPPORTED BY THE RECORD.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED, AND TO THE PREJUDICE OF APPELLANT, BY IMPOSING CONSECUTIVE SENTENCES TOTALING 28 YEARS, WHEN THE COURT FAILED TO MAKE A FINDING THAT IS SUFFICIENT UNDER DIVISION (b) OF R.C. 2929.14(C)(4), EITHER IN HIS JUDGMENT ENTRY, OR ON THE RECORD, BEFORE IMPOSING CONSECUTIVE SENTENCES.

ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED, AND TO THE PREJUDICE OF APPELLANT, BY ORDERING THAT THE CONSECUTIVE SENTENCES IMPOSED IN CASE NO. 12CR084231 BE SERVED CONSECUTIVELY TO THE CONSECUTIVE SENTENCE IMPOSED IN CASE NO. 10CR081026, FOR AN AGGREGATE PRISON TERM OF 41 YEARS, WITHOUT MAKING ANY OF THE FINDINGS REQUIRED BY R.C. 2929.14(C)(4), EITHER IN ITS JUDGMENT ENTRIES OR ON THE RECORD, BEFORE IMPOSING CONSECUTIVE SENTENCES.

{¶8} Mr. Tucker argues that the trial court failed to comply with Revised Code Section 2929.14(C)(4) when it ordered him to serve his sentences in the kidnapping and drug cases consecutively. In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9} Section 2929.14(C)(4) provides that, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses," the sentencing court may require the offender to serve the terms consecutively "if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" The court must also find "any" of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant

to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a-c).   At the sentencing hearing, the trial court found that "consecutive sentences are necessary to protect the public from future crime and to punish the defendant and that consecutive sentences are not disproportionate to the seriousness of defendant's conduct and the danger defendant poses to the public."   It also found that a "single prison term would not adequately reflect the seriousness of defendant's conduct."   It repeated those findings in its sentencing entries.

{¶10}   Regarding his drug case, Mr. Tucker argues that the circumstances do not indicate that his case was any more serious than other cases.   He notes that the quantity of drugs that supported his felony of the first degree were merely in his possession and not part of any specific sale.   He asserts that the sales that formed the basis of his other convictions were small amounts of cocaine, with nothing to distinguish them from other offenses involving the sale of small quantities of cocaine.

{¶11}   The trial court determined the seriousness of Mr. Tucker's drug offenses by examining the factors listed in Section 2929.12(B) and (C).   It found that there were factors that increased the seriousness of the offenses, but none that reduced the seriousness of the offenses. It, therefore, found that the factors increasing seriousness outweighed the ones decreasing seriousness.   Mr. Tucker has not specifically challenged the trial court's findings under Section

2929.12. In addition, the court was not required to explain the reasoning behind its findings under Section 2929.14(C)(4). *State v. Brooks*, 9th Dist. Summit Nos. 26352, 26437, 2013-Ohio-2169, ¶ 13. Upon review of the record, we conclude that Mr. Tucker has not established by clear and convincing evidence that the record does not support the trial court's findings with respect to the seriousness of his drug offenses.

{¶12} Mr. Tucker next argues that the trial court failed to make all the findings necessary under Section 2929.14(C)(4)(b). Specifically, he argues that the court failed to find that the harm caused by his drug offenses was so "great" or "unusual" that a single prison term would not reflect the seriousness of his conduct. He also argues that the trial court failed to include such a finding in its sentencing entry.

{¶13} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, the Ohio Supreme Court held that, to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *Id.* at syllabus. It explained, however, that a "word-for-word recitation of the language of the statute is not required[.]" *Id.* at ¶ 29. Instead, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶14} The trial court shortened the language of Section 2929.14(C)(4)(b) into a finding that "[a] single prison term would not adequately reflect the seriousness of defendant's conduct." Although the court's finding does not specifically state that the harm Mr. Tucker caused was great or unusual, we can discern from the court's language that it engaged in the analysis required under Section 2929.14(C)(4)(b). *See State v. Kilmire*, 9th Dist. Summit Nos. 27319, 27320, 2015-Ohio-665, ¶ 17-18 (concluding that the trial court undertook the appropriate

analysis under Section 2929.14(C)(4) even though it did not use the precise language of the statute). We conclude that Mr. Tucker has failed to establish that the trial court did not make the proper findings under Section 2929.14(C)(4) at the sentencing hearing or that it failed to include those findings in its sentencing entry concerning Mr. Tucker's drug offenses.

{¶15} Mr. Tucker also argues that his sentence in the kidnapping case is not supported by the record. He argues that his offenses do not nearly compare to the other types of offenses that would warrant a 28-year sentence. According to Mr. Tucker, his sentence is not consistent with the sentences imposed for similar crimes and is also much more severe than the sentence imposed on his co-defendant, who received only four years. He also asserts that his conduct, and the effect it had on the victims was not more serious than in other kidnapping cases.

{¶16} We explained the details of the kidnapping case in Mr. Tucker's prior appeal:

> In the early hours of the morning on July 17, 2010, Delno Clayton called his friend Calvin Parker and asked him to go drinking. Instead, Mr. Clayton and another man, who Mr. Parker identified as Kareem Tucker, stripped Mr. Parker to his undergarments, bound him with duct tape, stole his wallet, phone, and apartment key, and left him in a shed. Mr. Clayton returned a few hours later and, with Mr. Tucker on a cell phone call, demanded the combination to a safe located in Mr. Parker's bedroom. Mr. Parker initially gave incorrect information, but complied when he could hear the cries of children from the phone. Near daybreak, Mr. Parker escaped to a nearby gas station, where the attendant provided him with clothing and allowed him to use her phone to call police.
>
> On the same evening, two men entered Mr. Parker's apartment in Lorain using a key. One man grabbed the resident from behind while the other punched her in the face, and then they dragged her to a bedroom where her three-year-old son slept. The men covered her and her son with a blanket, and one of them lay down on top of them while holding a gun near her head. The other man went to a second bedroom, where two other young children were located. The resident could hear their cries, but could not get away to help them. Over the course of several hours, the men attempted to open a small safe kept in the bedroom. They ultimately obtained the combination from the resident's boyfriend, Calvin Parker, emptied the contents of the safe, and left the resident and her children as they were. The resident identified the two men as Mr. Tucker and Mr. Clayton.

*Tucker*, 9th Dist. Lorain No. 14CA010704, 2016-Ohio-1354, at ¶ 2-3.

{¶17} Section 2929.11(B) provides that a sentence imposed for a felony "shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." This Court has explained that Section 2929.11(B) does not require uniformity, only consistency, which is requiring "a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable." *State v. Quine*, 9th Dist. Summit No. 20968, 2002-Ohio-6987, ¶ 12. This Court has also explained that "Ohio's sentencing guidelines are just that, guidelines. Unless specifically stated, they do not require the imposition of a specific sentence. Rather, they require that the trial court consistently consider the same principles and characteristics prior to sentencing." *State v. Ruby*, 9th Dist. Summit No. 23219, 2007-Ohio-244, ¶ 13.

{¶18} At the sentencing hearing, the trial court noted that it had an obligation to look at the sentencing factors before imposing sentence. It discussed the factors pertaining to the seriousness of Mr. Tucker's crimes as well as the ones pertaining to recidivism. It also noted that its role was "to properly punish the defendant and protect the public." *See* R.C. 2929.11(A) (explaining the purposes of felony sentencing). It, therefore, appears that the trial court considered all of the appropriate factors when determining Mr. Tucker's sentence. The details of the offenses indicate that Mr. Tucker terrorized multiple people, including a child, over several hours. The adult victims were all people he had known for a long time. Mr. Tucker also had a significant criminal history. In addition, he has not directed this Court to any other similar cases. Accordingly, we cannot say that he has established that the sentence imposed by the trial court was clearly and convincingly contrary to law.

{¶19} Regarding Mr. Tucker's co-defendant, "[t]here is no requirement that codefendants receive equal sentences[.] * * * Differences between defendants allow trial courts

to impose different sentences upon individuals convicted of similar crimes." *State v. Senz*, 9th Dist. Medina No. 10CA0042-M, 2011-Ohio-2604, ¶ 7, quoting *State v. Allen*, 10th Dist. Franklin No. 10AP–487, 2011-Ohio-1757, ¶ 23. There is nothing in the record that indicates what sentencing factors applied to Mr. Tucker's co-defendant, including whether he had a similar criminal history. The record also indicates that it was Mr. Tucker, not his co-defendant, who punched one of the victims during the kidnapping and pointed a gun at her head. We, therefore, conclude that Mr. Tucker has failed to demonstrate that his co-defendant was similarly situated for sentencing purposes.

{¶20} Mr. Tucker next repeats his argument that the trial court failed to comply with Section 2929.14(C)(4)(b) because it did not explicitly find that the harm caused by his kidnapping case offenses was "great" or "unusual." We reject this argument for the reasons stated earlier regarding the consecutive sentences imposed in his drug case.

{¶21} Mr. Tucker's final argument is that the trial court failed to explain why it was running his sentences in the two cases consecutive to each other. According to Mr. Tucker, the court was required to make separate additional findings about the appropriateness of running the sentences imposed in the two cases consecutive to each other before imposing such a sentence.

{¶22} At the sentencing hearing, the trial court ordered Mr. Tucker to serve his sentences in the kidnapping case consecutive to each other and to his sentences in the drug case, which it had not imposed yet. It then explained its reasoning for imposing consecutive sentence. Next, it imposed Mr. Tucker's sentences in the drug case, which it ordered to run consecutive to each other and to the sentences it had imposed in the kidnapping case. It then explained its reasons for imposing those sentences consecutively. The trial court, therefore, did not fail to

explain its reasons for running the sentences it imposed in the two cases consecutive to each other.

**{¶23}** Upon review of the record, the trial court did not violate Section 2929.14(C)(4) when it ordered Mr. Tucker to serve consecutive sentences in either the kidnapping case or the drug case. Mr. Tucker's third, fourth, fifth, sixth, and seventh assignments of error are overruled.

## III.

**{¶24}** Mr. Tucker's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                                           _____

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JAMES M. BURGE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.