[Cite as *State v. Archer*, **2019-Ohio-171.**]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     18CA0010-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS B. ARCHER, JR. | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No.     17CR0146 |

DECISION AND JOURNAL ENTRY

Dated: January 22, 2019

HENSAL, Judge.

{¶1}     Thomas Archer appeals his sentence from the Medina County Court of Common Pleas.  This Court affirms.

I.

{¶2}     A grand jury indicted Mr. Archer on one count of rape under Revised Code Section 2907.02(A)(1)(b), and one count of gross sexual imposition under Section 2907.05(A)(4).  The charges stemmed from two separate incidents involving two of Mr. Archer's former live-in-girlfriend's minor children.[1]  Specifically, the rape charge stemmed from an incident wherein Mr. Archer forced his girlfriend's two-year-old son to perform oral sex on him. The gross-sexual-imposition charge stemmed from an incident wherein Mr. Archer touched his girlfriend's five-year-old daughter's vagina.

---

[1] We note that the State's brief incorrectly alleges that the victims were Mr. Archer's children.

{¶3}     After initially pleading not guilty, Mr. Archer changed his plea to guilty and, in return, the State reduced the rape count to the lesser-included offense of sexual battery under Section 2907.03(A)(5).   The trial court accepted Mr. Archer's guilty plea and ordered a presentence investigation.  After a hearing, the trial court sentenced Mr. Archer to 60 months of imprisonment for each count, set to run concurrently.  Mr. Archer now appeals, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT IMPOSED A SENTENCE CONTRARY TO LAW IN VIOLATION OF R.C. 2953.08 BY SENTENCING DEFENDANT-APPELLANT TO MAXIMUM PRISON TERMS OF FIVE YEARS AS TO EACH COUNT OF THE INDICTMENT, BOTH THIRD-DEGREE FELONY OFFENSES, WHERE THE DEFENDANT-APPELLANT HAD NO PRIOR FELONY RECORD, HAD NEVER PREVIOUSLY SERVED A PRISON TERM, AND THE TRIAL COURT FAILED TO CONSIDER A "LESS SERIOUS' FACTOR UNDER R.C. 2929.12(C)(3) AND A "RECIDIVISM LESS LIKELY" FACTOR UNDER R.C. 2929.12(E)(5).

{¶4}     In his assignment of error, Mr. Archer argues that the trial court imposed a sentence that was contrary to the law because it failed to consider the statutory "less serious" and "recidivism less likely" sentencing factors.  This Court disagrees.

{¶5}     "In reviewing a felony sentence, '[t]he appellate court's standard for review is not whether the sentencing court abused its discretion.'"  *State v. Tucker*, 9th Dist. Lorain Nos. 16CA010963, 16CA010964, 2017-Ohio-4215, ¶ 8, quoting R.C. 2953.08(G)(2).  Instead, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes" or (2) "the sentence is otherwise contrary to law."  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  "Clear and convincing evidence is that 'which will produce in

the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Tucker* at ¶ 8, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶6} It is well-established that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. "[W]here the trial court does not put on the record its consideration of [Sections] 2929.11 and 2929.12 [of the Ohio Revised Code], it is presumed that the trial court gave proper consideration to those statutes." (Alterations sic.) *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, fn. 4. "Unless the record shows that the court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8, quoting *State v. Boysel*, 2d Dist. Clark No. 2013-CA-78, 2014-Ohio-1272, ¶ 13.

{¶7} Here, Mr. Archer argues that the trial court erred by imposing a maximum prison sentence of five years as opposed to nonresidential – or a combination of nonresidential and residential community-control – sanctions. As previously noted, Mr. Archer asserts that the trial court failed to consider the seriousness and recidivism factors set forth in Sections 2929.12(C)(3) and (E)(5). Regarding the "less serious" factor under Section 2929.12(C)(3), he argues that the presentence investigation report erroneously omitted the fact that he did not cause, nor expect to cause, physical harm to either of the victims. Regarding the "recidivism less likely" factor under

Section 2929.12(E)(5), he argues that he showed genuine remorse and accepted responsibility for his actions by entering a guilty plea, and that he reaffirmed his remorse at the sentencing hearing.

{¶8}  In response, the State argues that Mr. Archer's sentence is not contrary to law because it is within the applicable sentencing range.  It further argues that, despite Mr. Archer's statements to the contrary, the trial court did not impose a maximum sentence because it could have ordered the sentences to run consecutively, thereby imposing a ten-year prison sentence. Regarding the "less serious" factor, the State acknowledges that the PSI does not indicate whether the victims suffered physical harm as a result of Mr. Archer's actions, but asserts that it is not uncommon for sexual assaults to cause at least some physical harm, however minimal. Regarding the "recidivism less likely" factor, the State argues that Mr. Archer did not show genuine remorse for his actions.  Rather, it argues that he denied wrongdoing on several occasions and accused his former girlfriends of plotting against him.

{¶9}  We begin our analysis by noting that there is no dispute that Mr. Archer's sentence is within the applicable statutory range.  *See* R.C. 2929.14(A)(3)(a) (providing, in part, that for third-degree felonies in violation of Sections 2907.03 and 2907.05, the trial court can impose a prison term of up to 60 months).  Thus, "[u]nless the record shows that the court failed to consider the factors, or that the sentence is 'strikingly inconsistent' with the factors, the court is presumed to have considered the statutory factors * * *."  *Fernandez* at ¶ 8, quoting *Boysel* at ¶ 13.  In its journal entry, the trial court indicated that it considered the principles and purposes of sentencing under Section 2929.11, and that it weighed the seriousness and recidivism factors. While the trial court did not provide its analysis of those factors, it was not required to do so. *Foster* at paragraph seven of the syllabus.  Additionally, despite Mr. Archer's argument to the contrary, a review of the sentencing transcript indicates that the trial court considered Mr.

Archer's apparent remorse. In doing so, the trial court noted that Mr. Archer previously denied wrongdoing during his interview with the probation department, and that he continually failed to take ownership of his actions. Further, while the record does not expressly indicate that the victims suffered physical harm, "R.C. 2929.12(C) does not require the trial court to assign a specific weight to any one factor. Instead, R.C. 2929.12(C) simply requires the trial court to 'consider' each factor." *State v. Jones*, 7th Dist. Mahoning No. 04-MA-76, 2005-Ohio-6937, ¶ 42, quoting R.C. 2929.12(C). Thus, the lack of evidence regarding physical harm to the victims does not necessarily render Mr. Archer's sentence contrary to law as he suggests.[2]

{¶10} Having reviewed the entire record, this Court determines that Mr. Archer has failed to demonstrate by clear and convincing evidence that his sentence is contrary to law. Accordingly, Mr. Archer's assignment of error is overruled.

III.

{¶11} Mr. Archer's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

---

[2] We note that Mr. Archer's argument ignores the fact that Section 2929.12(B) requires a trial court to consider any mental injury or psychological harm suffered by victims, as well as the testimony in the record regarding same.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

RONALD SCOTT SPEARS, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.