[Cite as *State v. Shinn*, 2020-Ohio-2915.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

CHARLES A. SHINN

    Appellant

C.A. No.    29464

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 18 01 0005

DECISION AND JOURNAL ENTRY

Dated: May 13, 2020

---

SCHAFER, Judge.

{¶1} Defendant-Appellant, Charles A. Shinn, appeals from his conviction in the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

{¶2} In January of 2018, the Summit County Grand Jury issued a three-count indictment charging Mr. Shinn with one count of attempted murder in violation of R.C. 2903.02(A), a felony of the first degree; one count of felonious assault in violation of R.C. 2903.11(A), a felony of the second degree; and one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. Each count carried a firearm specification. Mr. Shinn entered a plea of not guilty to all charges.

{¶3} Mr. Shinn and the victim, A.J., were acquaintances. Both were patrons at a bar during the early morning hours of December 24, 2017, when the incident giving rise to the charges took place. The two got into an argument that escalated to a physical altercation, during which,

A.J. punched Mr. Shinn in the face. After the fight broke up, Mr. Shinn went upstairs to his apartment located above the bar. Shortly after, Mr. Shinn exited his apartment carrying a loaded firearm. When he reached the parking lot, Mr. Shinn encountered A.J. and his friend, N.G. Mr. Shinn fired his gun and shot A.J. in the back. As a result of the gunshot wound, A.J. was left permanently paralyzed from the waist down.

{¶4} Pursuant to plea negotiations with the State, Mr. Shinn withdrew his initial plea of not guilty and entered a plea of guilty to the second count of the indictment, felonious assault in violation of R.C. 2903.11(A)(1), and the firearm specification to count two in violation of R.C. 2941.145. The trial court accepted his plea, found Mr. Shinn guilty, and dismissed the remaining charges of the indictment. The trial court set the matter for a sentencing hearing. The parties submitted sentencing memoranda and waived a presentence investigation.

{¶5} At the sentencing hearing, the State presented witnesses including the victim, A.J., and his friend, N.G., who witnessed the fight in the bar and the subsequent shooting. Mr. Shinn presented witnesses including his father, his mother, his brother, his sister, three of his close friends, and his former manager. Mr. Shinn also testified at the hearing. At the conclusion of the hearing, the trial court sentenced Mr. Shinn to a mandatory term of three years incarceration on the firearm specification and a non-mandatory term of seven years incarceration for the felonious assault. The trial court ordered that Mr. Shinn serve the mandatory three-year sentence on the firearm specification first and consecutive to the seven-year sentence imposed for the felonious assault, resulting in a total term of ten years.

{¶6} Mr. Shinn timely appealed his conviction and presented one assignment of error for our review.

II.

## Assignment of Error

**The trial court abused its discretion when imposing sentence on Mr. Shinn[.]**

{¶7}    In his sole assignment of error, Mr. Shinn argues "that the trial court abused its discretion by not sentencing him to a minimum term for the felonious assault."

{¶8}    When reviewing a felony sentence, "[t]he appellate court's standard of review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  *See* R.C. 2953.08 (G)(2).  Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶9}    At sentencing, the trial court has "full discretion to impose a prison sentence within the statutory range" and is not "required to make findings or give their reasons for imposing * * * more than the minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus.  Still, "the court must carefully consider the statutes that apply to every felony case[,]" including "R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶10}    "'R.C. 2929.12(B) includes factors that suggest that the offense is more serious. R.C. 2929.12(C) includes factors suggesting the offense is less serious.  The recidivism factors— factors indicating an offender is more or less likely to commit future crimes—are set forth in R.C.

2929.12(D) and (E).'" *State v. Wasil*, 9th Dist. Wayne No. 18AP0001, 2018-Ohio-4463, ¶ 12, quoting *State v. Thrasher*, 9th Dist. Summit No. 27547, 2015-Ohio-2504, ¶ 5. "'Unless the record shows that the court failed to consider the factors, or that the sentence is "strikingly inconsistent" with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range.'" *State v. Archer*, 9th Dist. Medina No. 18CA0010-M, 2019-Ohio-171, ¶ 6, quoting *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8.

{¶11} Preliminarily, we note that Mr. Shinn does not contend that his sentence was contrary to law or that it was not within the statutory range, and he acknowledges that the trial court was required to sentence him to three years on the firearm specification. Regarding the sentence for felonious assault, he contends that all the relevant factors indicated that his conduct was less serious than that which normally constitutes the offense, and the factors that make recidivism less likely "all weigh in his favor." He does not argue that the trial court failed to consider R.C. 2929.11 or the factors of R.C. 2929.12, but contends the trial court abused its discretion and erred by not finding the relevant factors to weigh in his favor and not imposing the minimum sentence for the felonious assault.

{¶12} At the sentencing hearing, A.J., testified as to the impact Mr. Shinn's actions have had on his life. A.J. stated, "I am stuck in a chair the rest of my life for something so senseless. Didn't have to go to this; didn't have to get chased down and shot in the back for nothing. Now me and my wife and kids got to suffer for the rest of our lives because of some stupid act that somebody caused."

{¶13} N.G. testified as to what happened when Mr. Shinn came out of his apartment with a gun. According to N.G., Mr. Shinn initially pointed the gun at him, and he pleaded with Mr. Shinn "[d]on't do this" as he watched Mr. Shinn chase A.J. around the car. He testified that he

heard and watched the gunshot, saw A.J. fall, and observed Mr. Shinn as "[h]e walked away with no remorse." N.J. also described his own state of fear when Mr. Shinn had the gun, and the dramatic experience of staying with A.J. while he called 9-1-1 for an ambulance and called A.J.'s wife.

{¶14} During his testimony, Mr. Shinn recounted the sequence of events that lead to him firing a gun at A.J. Mr. Shinn stated that taking his gun with him out of the apartment was "probably the biggest mistake [he] ever made in [his] life." He testified that he initially approached A.J. when he came out of his apartment and saw that A.J. and N.G. were still there. Mr. Shinn stated that he asked A.J. to leave, told him that he thought they were friends, and asked A.J. why he had attacked him in the bar. According to Mr. Shinn, A.J. "didn't say anything to me" and after an altercation, "that's when everything happened." Mr. Shinn expressed his inability to "wrap [his] mind around the reasons that this all occurred[,]" and further expressed that he felt "terrible that this happened" to A.J. and that he never wanted anything to happen to A.J.

{¶15} The many friends and family members who appeared on Mr. Shinn's behalf attested to his kind, selfless, and caring nature and described him as a great guy. Some expressed disbelief that Mr. Shinn had committed such an act, noting how out-of-character it was for Mr. Shinn. Counsel for Mr. Shinn noted to the trial court that Mr. Shinn did not have any significant criminal record aside from some traffic violations, including a "physical control" that "started off as an OVI[,]" and a "criminal trespass * * * that was something that happened when he was about 22 years old."

{¶16} At the conclusion of the sentencing hearing, the trial court stated:

This is a very, very unfortunate situation, tragic. We have an individual who's paralyzed because you shot him in the back, and so it's just - - it's horrendous all the way around.

I believe everything that your family says about you. I understand, as your lawyer has articulated and provided the [trial c]ourt a minimal history. But in this particular circumstance, as defined in felonious assault, this is the most serious form of the offense.

I do appreciate the fact that you accepted responsibility for your actions. The State, I think, concedes that and, in fact, in light of those negotiations, dismissed Count One, a felony of the first degree, which reduces your exposure by a significant period of time as well.

So, with that, sir, based upon the facts and circumstances, consideration of the relevant sentencing factors, applying the minimum sanction I have determined will protect the public and punish you without imposing an unnecessary burden on state or local resources, analyzing all the factors I am required to analyze - - the seriousness factors, the recidivism factors, all other factors, all other factors before the [trial c]ourt, in a very unfortunate situation - - I am imposing a prison term of seven years on the felony of the second degree and I am imposing three years on the firearm specification. By law, the firearm specification must be served first and consecutive to the other sentence; it is mandatory time.

{¶17} While there is some disagreement as to the exact version of events, the relevant facts surrounding the shooting are largely undisputed. Per this Court's review of the record, there does not appear to be any factors the trial court failed to consider, and the sentence the trial court imposed is within the statutory range and is not "strikingly inconsistent" with the factors. *See Archer*, 2019-Ohio-171 at ¶ 6, quoting *Fernandez,* 2014-Ohio-3651 at ¶ 8. Although Mr. Shinn believes the factors as applied to the facts in this case should have yielded a more lenient minimum-term sentence, he has failed to demonstrate by clear and convincing evidence that trial court's findings are not supported under the relevant statutes or that the sentence imposed is otherwise contrary to law. *See Marcum*, 2016-Ohio-1002 at ¶ 1. Therefore, Mr. Shinn's assignment of error is overruled.

III.

{¶18} Mr. Shinn's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ANGELA M. KILLE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.